William Sloan Coats (SBN 094864)
coatsw@gtlaw.com
Heather J. Meeker (SBN 172148)
meekerh@gtlaw.com
Karen Rosenthal (SBN 209419)
rosenthalk@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA  94303-2283
Telephone:  (650) 328-8500
Facsimile:  (650) 328-8508

Attorneys for Plaintiff
CONTINUENT, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINUENT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TEKELEC, INC., a Delaware corporation<br><br>Defendant. | CASE NO. **'13CV1550 JAH  BLM**<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>[DEMAND FOR JURY TRIAL] |

Continuent, Inc. ("Plaintiff"), by its undersigned counsel, hereby alleges the following against Tekelec, Inc. ("Defendant").

## NATURE OF THIS ACTION

1. Plaintiff brings this action in order to recover damages arising from Defendant's infringement of Plaintiff's copyrights under 17 U.S.C. § 501, and to enjoin Defendant's future infringement. Specifically, Defendant copied and distributed Plaintiff's copyrighted software without Plaintiff's permission and despite the fact that Plaintiff notified Defendant of its unlawful activity. Because Defendant has infringed Plaintiff's copyrights, and because that infringement is ongoing, Plaintiff seeks damages and injunctive relief.

## THE PARTIES

2. Continuent, Inc. ("Plaintiff") is a Delaware corporation with its headquarters in California. Plaintiff is a leading provider of database clustering and replication management software. Plaintiff enables enterprises and Web companies running mission critical applications, either on-premise or in the cloud, to achieve commercial-grade high availability ("HA") and globally redundant disaster recovery ("DR") capabilities that enable business and revenue continuity from Plaintiff's Tungsten product and services.

3. Upon information and belief, Tekelec, Inc. ("Defendant") is a Delaware corporation with an office in San Diego, California. Upon information and belief, Defendant develops telecommunications products for fixed, mobile, and packet networks and provides broadband solutions, including policy management and subscriber data management. Upon information and belief, Defendant regularly transacts business in this District.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant pursuant to Rule 4(K)(1)(a) of the Federal Rules of Civil Procedure and § 410.10 of the California Code of Civil Procedure because Defendant resides in California and has conducted and continues to conduct substantial business in California.

6. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400 because Defendant may be found and is doing business in this District.

## FACTUAL BACKGROUND

7. Plaintiff holds copyright in the computer software program, Tungsten Replicator (the "Program").

8. The Program is a high performance, open source, data replication engine. It helps technically focused users solve problems like promoting data masters easily from pools of data slaves, replicating data between different database versions, replicating data efficiently across sites, building complex data structures, and parallelizing data flow between servers. The Program is also one of the core components of Plaintiff's database-as-a-service solution.

9. Plaintiff has applied, on an expedited basis, for copyright registration in Tungsten Replicator 1.0 and Tungsten Replicator 2.x.

10. Plaintiff distributes the Program in source code form, the human-readable form of a computer program that a programmer must have to make changes to the program. Plaintiff released the Program as open source software licensed under the "GNU General Public License" version 2 ("GPL"). A copy of the GPL is attached hereto as **Exhibit A**.

11. Under the GPL, Plaintiff grants to all recipients of the Program certain permissions to copy, modify, and redistribute the Program and derivative works thereof, so long as those recipients satisfy certain conditions set forth in the GPL.

12. Under the GPL, any attempt to copy, prepare derivative works of, or distribute the Program otherwise than expressly provided under the GPL is not licensed, and doing so automatically terminates the recipient's rights under said license and makes the above mentioned acts copyright infringements.

13. When software licensed under the GPL is modified or used otherwise for forming derivative works of the Program, such derivative works must also be distributed under the GPL. Section 2(b) of the GPL states:

> You must cause any work that you distribute or publish, that in whole or in part contains or is derived from the Program or any part thereof, to be licensed as a whole at no charge to all third parties under the terms of this License.

14. The GPL permits a recipient to distribute the Program, or works based on the Program, in object code or executable form ("binaries"), only on the condition that the distributor gives all recipients of binaries access to the source code corresponding to binaries they distribute. The object or executable form of a computer program is the form that can actually be run on a computer, but which is not usually intelligible to the human reader and is not feasible to modify. Section 3 of the GPL states:

> You may copy and distribute the Program (or a work based on it, under Section 2) in object code or executable form under the terms of Section 1 and 2 above provided that you also do one of the following:
> a) Accompany it with the complete corresponding machine-readable source code, which must be distributed under the terms of Sections 1 and 2 above on a medium customarily used for software interchange; or,
> b) Accompany it with a written offer, valid for at least three years, to give any third party, for a charge no more than your cost of physically performing source distribution, a complete machine-readable copy of the corresponding source code, to be distributed under the terms of Sections 1 and 2 above on medium customarily used for software interchange.

15. The GPL requires that a distributor include with the source code the scripts used to control compilation and installation of the software. Section 3 of the GPL states:

> For an executable work, complete source code means all the source code for all modules it contains, plus any associated interface definition files, plus the scripts used to control compilation and

installation of the executable.

16. Plaintiff makes generally available alternative licenses to versions of the Program, as well as making the Program available under the GPL. These alternative licenses are provided to those customers of Plaintiff who do not wish to license the Program under the GPL. This is commonly called a "dual licensing" model. As owner of the copyright in the Program, Plaintiff has the right to grant licenses to different parties under different terms.

17. Plaintiff has at no time granted permission to Defendant to copy, modify, or distribute the Program under any terms other than those under the GPL.

18. Upon information and belief, Defendant downloaded the 2.0.3 version of the Program prior to July 11, 2011.

19. Upon information and belief, between July 11, 2011 and February 5, 2013, Defendant modified the Program to add (a) parallel replication capability and (b) code and scripts to support HA and DR.

20. Upon information and belief, Defendant makes and sells a Subscriber Data Management product (the "Infringing Product") that contains embedded executable software (the "Infringing Software")..

21. Upon information and belief, Defendant's Infringing Product contains the Program or modified versions of the Program that is substantially similar to the Program in object code or executable form. Distribution of this Infringing Software, either as part of the Infringing Product or by itself, is thus inherently distribution of the Program or a derivative work thereof, and Defendant is therefore required to have Plaintiff's permission to make that distribution. The only such permission available for Defendant to distribute the Program is the conditional one granted under the GPL.

22. On April 19, 2013, Defendant admitted to distributing to third parties copies of the Infringing Software containing Plaintiff's Program or derivative works thereof in its Infringing Product. Defendant also admitted that as of April 19, 2013, it

1 had shipped 43 Subscription Data Management production products with 128 Tungsten Replicator units, and 23 Subscription Data Management products in a pre-production deployment, with 50 Tungsten Replicator units.

23. Upon information and belief, Defendant has distributed the Infringing Product to the public without including GPL licensing notices, providing source code or source code offers, or otherwise complying with the conditions of the GPL.

24. Under the GPL, any failure to comply with its requirements results in the immediate termination of the license and the automatic loss of all rights granted under it. Section 4 states:

> You may not copy, modify, sublicense, or distribute the Program except as expressly provided under this License. Any attempt otherwise to copy, modify, sublicense or distribute the program is void and will automatically terminate your rights under this License.

25. Defendant materially breached the terms of the GPL. Accordingly, any rights Defendant may have had to redistribute the Program offered under the GPL were automatically terminated the instant that Defendant made non-compliant distribution of the Program or a derivative work thereof in its Infringing Product. Since the first such material breach of the Program's license, Defendant has had no right to distribute the Program, or derivative works thereof of the Program, under any circumstances or conditions.

26. Under copyright law, Defendant may not use, copy or distribute Plaintiff's Program without a license. Defendant thus has infringed, and is continuing to infringe Plaintiff's rights.

27. On May 10, 2013, subsequent to notification of its unlawful activity, Defendant indicated that it intended to continue to redistribute the Program or derivative works thereof under the GPL and distribute the Infringing Product and Infringing Software in violation of Plaintiff's exclusive rights under the Copyright Act.

# COUNT I
## COPYRIGHT INFRINGEMENT

28. Plaintiff restates and realleges paragraphs 1 through 27 above, as if fully set forth herein.

29. Plaintiff's Program contains a substantial amount of original material that is copyrightable subject matter under 17 U.S.C. §102.

30. Plaintiff is, and at all relevant times has been, the copyright holder under United States copyright law in the Program.

31. Defendant's unlawful copying, use, and distribution of its infringing products without approval or authorization by Plaintiff infringes Plaintiff's exclusive rights in the Program under 17 U.S.C. §§ 106 and 501.

32. Defendant has realized unjust profits, gains, and advantages as a proximate result of its infringement as long as such infringement is permitted to continue.

33. Plaintiff is entitled to recover from Defendant the amount of its actual damages incurred as a result of the infringement under 17 U.S.C. § 504, in such amount as is shown by appropriate evidence.

34. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Plaintiff's copyrights are unique and valuable assets whose market value is impossible to assess, (b) Defendant's infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendant's wrongful conduct, and the resulting damages to Plaintiff, is continuing.

35. Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant as follows:

A.  That the Court enter judgment holding Defendant liable for infringement of the copyright at issue in this litigation.

B.  That the Court issue injunctive relief against Defendant, and that Defendant, its directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant, be enjoined and restrained from continued acts of infringement, including copying, modifying, distributing or making any other infringing use of Plaintiff's software;

C.  That the Court order that all copies made or used in violation of Plaintiff's exclusive rights, and all means by which such copies may be reproduced, be impounded and destroyed or otherwise reasonably disposed of as set forth in 17 U.S.C. § 503;

D.  That the Court order Defendant to pay Plaintiff's actual and consequential damages suffered as a result of the infringement in an amount to be determined at trial or, in the alternative, statutory damages as set forth in 17 U.S.C. § 504(c);

E.  That the Court order Defendant to account for and pay over to Plaintiff all profits derived by Defendant by reason of its unlawful acts herein alleged;

F.  That the Court order Defendant to pay Plaintiff's litigation expenses, including reasonable attorney's fees and costs of this action under 17 U.S.C. § 505; and

G.  That the Court grant Plaintiff any such further relief as the Court may deem just and proper under the circumstances.

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P., Rule 38(b), Plaintiff hereby demands a trial by jury

of any issue so triable.

DATED:  July 2, 2013                    GREENBERG TRAURIG, LLP

By _____
William Sloan Coats
Heather J. Meeker
Karen Rosenthal

Attorneys for Plaintiff
CONTINUENT, INC.