MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
ROMAN A. SWOOPES (CA SBN 274167)
RSwoopes@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

ERIC M. ACKER (CA SBN 135805)
Eacker@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, CA 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Defendant
TEKELEC, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINUENT, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>TEKELEC, INC., a Delaware corporation,<br><br>        Defendant. | Case No.  13-CV-1550-JAH-BLM<br><br>**DEFENDANT TEKELEC, INC.'S ANSWER**<br><br>**JURY TRIAL DEMANDED** |

Defendant Tekelec, Inc. ("Tekelec") answers the Complaint filed by Plaintiff Continuent, Inc. ("Continuent") as follows:

## NATURE OF THIS ACTION

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Tekelec denies the allegations of Paragraph 1. Tekelec specifically denies that it has infringed Continuent's copyrights or that any infringement is ongoing.

## THE PARTIES

2. Tekelec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3. Tekelec denies that it has an office in San Diego, California. Tekelec otherwise admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Tekelec admits that the Complaint alleges acts of copyright infringement. Tekelec further admits that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

5. Tekelec admits that this Court has personal jurisdiction over it pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and § 410.10 of the California Code of Civil Procedure. Tekelec further admits that it resides in California and has conducted and continues to conduct business in California. Except as otherwise admitted, Tekelec denies any remaining allegations of Paragraph 5 of the Complaint.

6. Tekelec admits that venue in this District is proper under 28 U.S.C. §§ 1391 and 1400 because Tekelec is doing business in this District. Except as otherwise admitted, Tekelec denies the allegation of Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7. Tekelec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them.

8. Tekelec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies them.

9. Tekelec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies them.

10. Tekelec admits that Plaintiff distributes Tungsten Replicator in source code form, the human-readable form of a computer program. Tekelec further admits that what appears to be a copy of the "GNU General Public License" version 2 ("GPLv2") is attached to the Complaint. Tekelec lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 10, and therefore denies them.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Tekelec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies them.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Tekelec lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies them.

13. Tekelec admits that Section 2(b) of the GPLv2, as attached to the Complaint, states:

> You must cause any work that you distribute or publish, that in whole or in part contains or is derived from the Program or any part thereof, to be licensed as a whole at no charge to all third parties under the terms of this License.

1  The remainder of Paragraph 13 of the Complaint contains legal conclusions to
2  which no response is required.  To the extent a response is required, and except as
3  otherwise admitted, Tekelec lacks sufficient knowledge or information to form a
4  belief as to the truth of the allegations of Paragraph 13, and therefore denies them.
5       14.    Tekelec admits that Section 3 of the GPLv2, as attached to the
6  Complaint, states, in part:

> You may copy and distribute the Program (or a work
> based on it, under Section 2) in object code or executable
> form under the terms of Sections 1 and 2 above provided
> that you also do one of the following:
>
> a) Accompany it with the complete corresponding
> machine-readable source code, which must be
> distributed under the terms of Sections 1 and 2
> above on a medium customarily used for software
> interchange; or,
>
> b) Accompany it with a written offer, valid for at
> least three years, to give any third party, for a
> charge no more than your cost of physically
> performing source distribution, a complete
> machine-readable copy of the corresponding source
> code, to be distributed under the terms of Sections 1
> and 2 above on a medium customarily used for
> software interchange;

24  The remainder of Paragraph 14 of the Complaint contains legal conclusions to
25  which no response is required.  To the extent a response is required, and except as
26  otherwise admitted, Tekelec lacks sufficient knowledge or information to form a
27  belief as to the truth of the allegations of Paragraph 14, and therefore denies them.
28

3                        DEFENDANT TEKELEC, INC.'S ANSWER
                              CASE NO. 13-CV-1550- JAH-BLM
pa-1603750

1    15.    Tekelec admits that Section 3 of the GPLv2, as attached to the
2  Complaint, states, in part:

> For an executable work, complete source code means all
> the source code for all modules it contains, plus any
> associated interface definition files, plus the scripts used
> to control compilation and installation of the executable.

7  The remainder of Paragraph 15 of the Complaint contains legal conclusions to
8  which no response is required. To the extent a response is required, and except as
9  otherwise admitted, Tekelec lacks sufficient knowledge or information to form a
10 belief as to the truth of the allegations of Paragraph 15, and therefore denies them.

11    16.    Paragraph 16 of the Complaint contains legal conclusions to which no
12 response is required. To the extent a response is required, Tekelec lacks sufficient
13 knowledge or information to form a belief as to the truth of the allegations of
14 Paragraph 16, and therefore denies them.

15    17.    Tekelec admits the allegations of Paragraph 17.

16    18.    Tekelec admits that Tekelec or its affiliates downloaded the 2.0.3
17 version of Tungsten Replicator prior to July 11, 2011.

18    19.    Tekelec admits that Tekelec or its affiliates modified Tungsten
19 Replicator between July 11, 2011 and February 5, 2013 to add parallel replication
20 capability. Except as otherwise admitted, Tekelec denies any remaining allegations
21 of Paragraph 19 of the Complaint.

22    20.    Tekelec admits that it makes and sells a Subscriber Data Management
23 product. Except as otherwise admitted, Tekelec denies the remaining allegations of
24 Paragraph 20 of the Complaint and specifically denies that Subscriber Data
25 Management is an "Infringing Product" that contains "Infringing Software."

26    21.    Tekelec admits that certain versions of Subscriber Data Management
27 contain code from modified versions of Tungsten Replicator. Paragraph 21 of the
28 Complaint contains legal conclusions to which no response is required. To the

extent a response is required, Tekelec denies any remaining allegations of Paragraph 21, and Tekelec specifically denies that Subscriber Data Management is an "Infringing Product" or that Tekelec has infringed or is liable for any infringement of any valid and enforceable copyrights or copyright rights of Continuent.

22. Tekelec admits that, on or about April 19, 2013, pursuant to a non-disclosure agreement prohibiting Continuent from revealing the information disclosed, Tekelec sent Continuent confidential correspondence estimating that Tekelec had shipped 43 Subscriber Data Management production products utilizing 128 instances of Tungsten Replicator. The same correspondence estimated that Tekelec had shipped 23 Subscriber Data Management products to "lab" sites utilizing 50 instances of Tungsten Replicator for "test" purposes. Tekelec denies any remaining allegations of Paragraph 22, and Tekelec specifically denies that Subscriber Data Management is an "Infringing Product" or that Tekelec has infringed or is liable for any infringement of any valid and enforceable copyrights or copyright rights of Continuent.

23. Tekelec admits it has distributed past versions of Subscriber Data Management. Tekelec denies any remaining allegations of Paragraph 23, and Tekelec specifically denies that Subscriber Data Management is an "Infringing Product" or that Tekelec has infringed or is liable for any infringement of any valid and enforceable copyrights or copyright rights of Continuent.

24. Tekelec admits that Section 4 of the GPLv2, as attached to the Complaint, states, in part:

> You may not copy, modify, sublicense, or distribute the Program except as expressly provided under this License. Any attempt otherwise to copy, modify, sublicense or distribute the Program is void, and will automatically terminate your rights under this License.

1  The remainder of Paragraph 24 of the Complaint contains legal conclusions to
2  which no response is required.  To the extent a response is required, and except as
3  otherwise admitted, Tekelec denies the allegations of paragraph 24.

4        25.    Paragraph 25 of the Complaint contains legal conclusions to which no
5  response is required.  To the extent a response is required, Tekelec denies the
6  allegations of Paragraph 25.

7        26.    Paragraph 26 of the Complaint contains legal conclusions to which no
8  response is required.  To the extent a response is required, Tekelec denies the
9  allegations of paragraph 26.

10       27.    Tekelec admits that on May 10, 2013, Tekelec notified Continuent that
11 it intended to continue to utilize Tungsten Replicator under the open source GPLv2
12 license.  Tekelec denies any remaining allegations of Paragraph 27, and Tekelec
13 specifically denies that Subscriber Data Management is an "Infringing Product" or
14 that Tekelec has infringed or is liable for any infringement of any valid and
15 enforceable copyrights or copyright rights of Continuent.

16 **COUNT 1**
17 **ALLEGED COPYRIGHT INFRINGEMENT**

18       28.    Tekelec incorporates by reference its responses to the allegations of
19 Paragraphs 1-27 above as its response to Paragraph 28 of the Complaint.

20       29.    Tekelec lacks sufficient knowledge or information to form a belief as
21 to the truth of the allegations of paragraph 29, and therefore denies them.

22       30.    Tekelec lacks sufficient knowledge or information to form a belief as
23 to the truth of the allegations of paragraph 30, and therefore denies them.

24       31.    Tekelec denies the allegations of paragraph 31, and Tekelec
25 specifically denies that Tekelec has infringed or is liable for any infringement of
26 any valid and enforceable copyrights or copyright rights of Continuent.

27
28

1  32. Tekelec denies the allegations of paragraph 32, and Tekelec specifically denies that Tekelec has infringed or is liable for any infringement of any valid and enforceable copyrights or copyright rights of Continuent.

4  33. Tekelec denies the allegations of paragraph 33, and Tekelec specifically denies that Tekelec has infringed or is liable for any infringement of any valid and enforceable copyrights or copyright rights of Continuent.

7  34. Tekelec denies the allegations of paragraph 34.

8  35. Tekelec denies the allegations of paragraph 35.

## DEFENSES

## FIRST DEFENSE

## NON-INFRINGEMENT OF COPYRIGHT

36. Tekelec has not infringed, does not infringe (either directly or indirectly), and is not liable for infringement of any valid copyright or copyright rights of Continuent, including, without limitation, any copyright rights in Tungsten Replicator 1.0 and Tungsten Replicator 2.x (the "Asserted Works").

## SECOND DEFENSE

## LACK OF OWNERSHIP

37. Upon information and belief, Continuent is not the original author and thus does not hold copyright in all portions of the Asserted Works.

## THIRD DEFENSE

## LICENSE

38. Upon information and belief, Tekelec is complying with all requirements necessary to allow Tekelec to reproduce and distribute Tungsten Replicator and prepare and distribute derivatives thereof under the GPLv2.

## FOURTH DEFENSE

## IMPLIED LICENSE

39. Upon information and belief, Continuent's statements and actions were such that it was reasonable to infer that Tekelec had permission to reproduce and distribute Tungsten Replicator and prepare and distribute derivatives thereof.

## FIFTH DEFENSE
## FAIR USE

40. Continuent's claims for copyright infringement are barred by the doctrine of fair use pursuant to 17 U.S.C. § 107 in view of the nature of the works asserted by Continuent and covered by the asserted copyrights, the amount (if any) and substantiality of the portion of such works used by Tekelec in relation to the works as a whole, the purpose and character of any use thereof made by Tekelec, and the effect, if any, of such use on the potential market for the works.

## SIXTH DEFENSE
## *DE MINIMIS* COPYING

41. Continuent's claims for copyright infringement are barred by the doctrine of *de minimis* copying, as any protectable portions of the Asserted Works that are the subject of the asserted copyrights are *de minimis*.

## SEVENTH DEFENSE
## LACHES

42. Continuent's claims are unenforceable because Continuent's delay in bringing the suit was unreasonable and inexcusable, and Tekelec suffered material prejudice due to the delay.

## EIGHTH DEFENSE
## WAIVER

43. Continuent's asserted copyrights are unenforceable because, upon information and belief, Continuent knowingly waived any right it may have to enforce its asserted copyrights.

## NINTH DEFENSE
## NO INJUNCTIVE RELIEF

44. Continuent has not suffered any irreparable injury, Continuent has an adequate remedy at law, and injunctive relief would be contrary to the public interest, and Continuent is not entitled to injunctive relief.

## TENTH DEFENSE
## UNCLEAN HANDS

45. Continuent's claims against Tekelec are barred because, upon information and belief, Continuent has come to the Court with unclean hands due to its practice of requiring licensees of its purportedly open software to pay for items not covered by Continuent's alleged copyrights in order to receive a license under Continuent's alleged copyrights.

## ELEVENTH DEFENSE
## NO STATUTORY DAMAGES OR ATTORNEY FEES

46. Continuent's claims for statutory damages and attorney fees are barred under 17 U.S.C. § 412 because, upon information and belief, Continuent failed to register its works pursuant to 17 U.S.C. § 408 within three months of the first publication of the works.

## TWELFTH DEFENSE
## FAILURE TO STATE A CLAIM

47. The Complaint fails to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Tekelec respectfully prays for judgment in its favor and against Continuent as follows:

A. A judgment denying any and all relief requested by Continuent from Tekelec in Continuent's Complaint;

B. A judgment dismissing Continuent's Complaint against Tekelec with prejudice;

C. An award to Tekelec of its reasonable costs and expenses of litigation, including attorneys' fees under 17 U.S.C. § 505; and

D. Such other relief as this Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Tekelec respectfully demands a jury trial for all issues so triable.

Dated: August 30, 2013

MICHAEL A. JACOBS
ERIC M. ACKER
KENNETH A. KUWAYTI
ROMAN A. SWOOPES
MORRISON & FOERSTER LLP

By: /s/ *Michael A. Jacobs*
      Michael A. Jacobs

Attorneys for Defendant
TEKELEC, INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date listed below, a true and correct copy of the foregoing was transmitted electronically to the Electronic Filing System of the United States District Court for the Southern District of California, which, under Local Civil Rule 5.4(b)&(c), is believed to have sent notice of such filing, constituting service of the final document, on all Filing Users, all of whom are believed to have consented to electronic service.

Executed on August 30, 2013.

                              By: /s/ *Michael A. Jacobs*
                                  Michael A. Jacobs

pa-1603750